UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNESTO DE LA TORRES, A-074-145-767,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,

Respondents.

No.  1:26-cv-05382-TLN-CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner Ernesto De La Torres is detained by Immigrations and Customs Enforcement ("ICE") and filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is referred to the undersigned by the court's order dated July 14, 2026, and by Local Rule 302(c)(17). See 28 U.S.C. § 636(b)(1). The pro se petition and respondent's answer are before the court. (ECF Nos. 1, 9.) For the following reasons, the undersigned recommends the petition be granted and respondents be ordered to immediately release petitioner under previously imposed conditions of supervision.

**I.      Background**

Petitioner is a native and citizen of Cuba. (ECF No. 8-2 at 1.) Petitioner was previously paroled into the United States on or about June 17, 1997, in Miami, Florida. (Id. at 2.)

1

According to respondents' evidence, on August 7, 2008, petitioner was convicted of the offenses of battery of a police officer/firefighter/intake officer, and resisting an officer with violence to his person, in violation of Florida statutes, for which he was sentenced to 366 days imprisonment. (ECF No. 8-2 at 2-3.) On May 17, 2010, he was convicted of the additional offense of grand theft of a vehicle in the third degree, in violation of Florida statutes, for which he was sentenced to 24 months imprisonment. (Id. at 2.)

On August 15, 2011, petitioner was ordered removed. (ECF No. 8-2 at 3.) Petitioner alleges and respondents do not dispute that after the 2011 removal order, petitioner was detained and released "after 90 day[s] on ICE detention." (ECF No. 1 at 2.)

On January 8, 2025, DHS issued an Immigration Detainer (I-247) for petitioner. (ECF No. 8-2 at 2.) On January 9, 2025, immigration officials took custody of petitioner from a correctional center in Miami, Florida. (Id.) According to the narrative in petitioner's Form I-213, petitioner had recently been arrested for the criminal offense of trespass/after warning and a criminal case was pending. (Id. at 2-3.) Petitioner has been held in immigration detention since then.

On July 13, 2026, petitioner filed the instant habeas petition asserting respondents are violating his rights under the Immigration and Nationality Act (INA), the Administrative Procedures Act (APA), the Due Process Clause of the Fifth Amendment, and Zadvydas v. Davis, 533 U.S. 678, 683 (2001), by keeping him in prolonged detention exceeding 180 days even though he is not reasonably likely to be removed to Cuba or any other country in the reasonably foreseeable future. (ECF No. 1 at 6-7.) Petitioner requests immediate release under release conditions. (Id.)

Respondents oppose granting the petition. (ECF No. 9.) Respondents assert petitioner is properly detained pursuant to a final administrative order of removal and argue his detention has not become unconstitutionally prolonged. (Id. at 1-2.)

**II.    Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in

2

custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

### III.    Discussion

Petitioner is subject to a final order of removal, and 8 U.S.C. § 1231 governs his detention. Under this statute, a noncitizen is subject to an initial 90-day removal period during which detention is mandatory. 8 U.S.C. § 1231(a). After the 90-day removal period expires, ICE has discretion to continue detaining the noncitizen or to release pending removal. 8 U.S.C. § 1231(a)(6). Petitioner alleges and respondents do not dispute that, here, petitioner was released after 90 days detention following his 2011 removal order.

At the outset, the record does not reflect whether respondents complied with their own regulations and the requirements of the Due Process Clause in revoking petitioner's prior release on supervision. See, e.g., Uzzhina v. Chestnut, No. 1:25-CV-01594-DAD-SCR, 2025 WL 3458787, at *3-4 (E.D. Cal. Dec. 2, 2025) (explaining how and when DHS may revoke release on an order of supervision). The pending petition does not seek relief on such a claim. Regardless, petitioner is entitled to relief for his Zadvydas indefinite detention claim, which is a "more demanding standard[.]" Ruiz-Acosta v. Cent. Valley Annex, No. 1:26-CV-04371-DAD-JDP (HC), 2026 WL 1846727, at *2 (E.D. Cal. June 26, 2026).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held 8 U.S.C. § 1231(a)(6) does not authorize the government to indefinitely detain a removable noncitizen, id. at 682, but a detention period less than six months is presumptively reasonable, id. at 701. Once a noncitizen has been detained for six months under the authority of § 1231 and "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with sufficient evidence to rebut that showing." Id. at 701.

Respondent argues petitioner has not provided good reason to believe that his removal is not significantly likely to occur in the reasonably foreseeable future. (ECF No. 9 at 2.) However, petitioner alleges that following his 2011 removal order, he was arrested and released after 90 days because "repatriation would not occur in the reasonable future." (ECF No. 1 at 6.) Many years have passed, and petitioner has not been removed. Petitioner further alleges ICE has not

3

attempted to obtain a travel document to Cuba or conducted any "negotiation with any foreign nations" to which petitioner could be removed, and that there is no prospect he will be removed to Cuba or any other country in the reasonably foreseeable future. (Id. at 7.) These allegations suffice to shift the burden to respondent. See Ruiz-Acosta v. Cent. Valley Annex, 2026 WL 1846727, at *2.

Respondents fail to respond with evidence to rebut petitioner's showing. In opposition, respondents simply argued that petitioner has not met his burden. (ECF No. 9 at 2.) Respondent also submitted a declaration by a deportation officer stating "Petitioner is subject to processing for removal to Mexico as a Third Country removal." (ECF No. 8, ¶ 7.) The declaration and attached exhibits also establish that petitioner refused to sign certain documents, and that that "[i]f Petitioner were to cooperate with his removal to the Third Country of Mexico, … ERO can… execute the removal order within three to four days of Petitioner's cooperation." (Id., ¶ 18.)

The circumstances in this case are similar to those in Ruiz-Acosta v. Cent. Valley Annex, 2026 WL 1846727. "Given that [p]etitioner… has declined to sign the Notice of Removal to Mexico, [r]espondents' representations are not persuasive enough to rebut [p]etitioner's showing that his detention has become indefinite." Id. at *3 (internal quotation marks and citation omitted); see also Arenado-Borges v. Bondi, No. 2:25-CV-02193-JNW, 2025 WL 3687518, at *4 (W.D. Wash. Dec. 19, 2025) (finding government did not rebut the petitioner's showing where they showed merely that there was some possibility that Mexico might accept the petitioner at some point).

Because petitioner's removal to either Cuba or Mexico is not reasonably foreseeable, his detention is not permitted by the INA as construed in Zadvydas. See 533 U.S. at 699-700 ("if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute"). Thus, the undersigned finds merit to petitioner's claim asserting violation of the INA as construed in Zadvydas. No further briefing is necessary. Based on the recommendation to grant petitioner the full requested relief on his claim asserting a violation of the INA as construed in Zadvydas, and in the interests of judicial economy, the undersigned finds it unnecessary to address the other claims in the petition.

**IV.    Recommendation**

In accordance with the above, IT IS RECOMMENDED as follows:

1.  Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 be granted.

2.  Respondents be ordered to immediately release petitioner under the previously imposed conditions of supervision in place at the time of his re-detention on or about January 9, 2025.

3.  The Clerk of Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **five (5)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **five (5)** days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 29, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 torr5382.mer

5